# In the United States Court of Federal Claims

No. 23-1194C
(Filed: December 18, 2023)
**NOT FOR PUBLICATION**

```
*****************************************
                                          *
STEPHEN D. HUSKEY,                        *
                                          *
              Plaintiff,                  *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
*****************************************
```

## OPINION AND ORDER

Plaintiff Stephen D. Huskey — proceeding *pro se* — seeks monetary relief from the United States. *See* Am. Compl. at 5–6 (ECF 7). The government has moved to dismiss, *see* Def.'s Mot. (ECF 10), and Plaintiff has moved for summary judgment, *see* Pl.'s Mot. (ECF 9). The government's motion is **GRANTED**. The case is **DISMISSED**.

Plaintiff was allegedly discharged from the Army in late 2014. Am. Compl. at 5. He claims that his discharge was improper because it occurred without necessary procedures. *Id.* Although he characterizes his theory in different ways — including as a breach of contract or some other duty by the Army — it amounts to a claim for wrongful discharge. *See Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir. 1986). Claims of wrongful discharge are within this Court's Tucker Act jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003); 37 U.S.C. § 204.

All claims before this Court are barred, though, if filed more than six years after the claim first accrued. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). Wrongful discharge claims generally accrue at the time of discharge, *Martinez*, 333 F.3d at 1303, and Plaintiff filed his Complaint this year. *See* Compl. (ECF 1). If the ordinary statute of limitations applies, Plaintiff's claim expired years ago.

Plaintiff argues that the statute of limitations should be tolled. Am. Compl. at 13. But this Court's statute of limitations cannot be tolled. *Thompson v. United States*, No. 09-264 C, 2009 WL 2253691 (Fed. Cl. July 24, 2009), *aff'd,* 480 F. App'x

575 (Fed. Cir. 2012); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008); *John R. Sand*, 552 U.S. at 134–36. Separate from tolling, a claim in this Court does not accrue when the government conceals it or there is no way for the injured party to know about it. *Young*, 529 F.3d at 1384. But even then, the claim accrues when a plaintiff knows or should know the facts he needs to state a claim. *Banks v. United States*, 741 F.3d 1268, 1279–80 (Fed. Cir. 2014). Plaintiff does not identify any concealment by the government or any other circumstance that prevented him from knowing the existence of his claim about the circumstances of his discharge.

At most, Plaintiff argues that he could not prove that the Army wrongly "disregarded" alleged medical conditions until a 2021 disability rating by the Department of Veterans Affairs. Am. Compl. at 15. But his discharge was for possession of a controlled substance and failure to obey a lawful order. *Id.* at 49. He does not explain what relevance his medical conditions have, let alone why they kept him from being aware of his wrongful discharge claim at the time.

To the extent Plaintiff advances any other theories, they are outside this Court's jurisdiction. He might, for example, be seeking reinstatement at his previous rank or asserting claims under the Administrative Procedure Act. Am. Compl. at 4–5. This Court may not hear those claims. *Perez v. United States*, 141 Fed. Cl. 566, 583–85 (2019); *Gilham v. United States*, 164 Fed. Cl. 1, 8 (2023) (citing *Martinez*, 333 F.3d at 1313). Plaintiff's tort theories are outside this Court's jurisdiction too. Pl.'s Mot at 1; *Bishop v. United States*, 166 Fed. Cl. 742, 746 (2023) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)). This Court may hear claims for correction of military records, *see* Am. Compl. at 4, but only if connected to a claim for monetary relief. *Evans v. United States*, 748 F. App'x 979, 984 (Fed. Cir. 2018); *Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988). Because Plaintiff has not raised any claims for money that this Court can address, he cannot pursue those other claims by themselves in this Court. Although Plaintiff mentions "service-connected disabilities," Am. Compl. at 5, he does not request medical retirement.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion for summary judgment is **DENIED**. The case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge